IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARIDEE A. KOSMECKI,                             Civ. No. 09-487-AA

    Plaintiff,                                  OPINION AND ORDER

  v.

COMMISSIONER of Social Security,

    Defendant.

---

David B. Lowry
9900 S.W. Greenburg Rd.
Columbia Business Center, Ste. 130
Portland, OR  97223
    Attorney for plaintiff

Dwight C. Holton
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Stephanie R. Martz
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff seeks judicial review of the Social Security Commissioner's final decision denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act). This court has jurisdiction under 42 U.S.C. § 405(g). The Commissioner's decision is affirmed.

## BACKGROUND

On December 9, 2004, plaintiff filed an application for DIB. Tr. 66-68. Plaintiff's application was denied initially and on reconsideration. Tr. 47-49, 56-60. After timely requesting a hearing, plaintiff appeared and testified before an administrative law judge (ALJ) on August 30, 2007. Tr. 370-405. On January 12, 2008, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 16-29. On March 23, 2009, the Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 4-6. Plaintiff now seeks judicial review.

Plaintiff was fifty years old at the time of the ALJ's decision, with an eleventh-grade education and past relevant work as a housekeeper/janitor, ticket seller, and fast food customer service manager. Tr. 66, 81-82, 125, 374, 402. Plaintiff alleges disability since January 29, 2004 due to depression, anxiety, bipolar disorder, insomnia, fatigue, hepatitis C, fibromyalgia, and degenerative disc disease. Tr. 45A.

2 - OPINION AND ORDER

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process. See Bowen

v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 21; 20 C.F.R. § 404.1520(b).

At steps two and three, the ALJ found that plaintiff suffered from "severe" impairments of back pain and dysthymia with features of post-traumatic stress disorder exacerbated by drug and alcohol abuse, Tr. 21, but that plaintiff's impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Tr. 24; 20 C.F.R. § 404.1520(c),(d).

At step four, the Commissioner evaluated plaintiff's residual functional capacity (RFC) and found that plaintiff retained the RFC to perform a reduced range of light work. Tr. 24, 27. 20 C.F.R. § 404.1520(e). While the ALJ believed that plaintiff's RFC permitted her to perform her past relevant work as a housekeeper/janitor, the ALJ found that an alternative determination was advisable given plaintiff's lack of credibility that "likely extends into her description of how she performed in her past relevant work." Tr. 27; 20 C.F.R. § 404.1520(f). Thus, the ALJ proceeded to step five and found that plaintiff was able to perform other work existing in significant numbers inn the national economy, including work as a housekeeper, small products assembler, and a food preparer. Tr. 28; 20 C.F.R. § 404.1520(g). Accordingly,

4 - OPINION AND ORDER

the ALJ found plaintiff not disabled. Tr. 29.

## DISCUSSION

Plaintiff first argues that the ALJ erred by discounting the statements and opinion of Ms. Toledo-Silvestre, a mental health nurse practitioner. According to the evidence of record, plaintiff met with Ms. Toledo-Silvestre on August 29, 2006 and October 10, 2006. After each appointment, Ms. Toledo-Silvestre indicated that her evaluation and assessment of plaintiff was not complete. Tr. 292, 294. Nonetheless, on April 6, 2007, Ms. Toledo-Silvestre wrote a letter stating that plaintiff had an "anxiety disorder and very strong social anxiety," and that it would be "challenging" for plaintiff to perform "activities that require social interaction and ongoing concentration." Tr. 264, 279. Ms. Toledo-Silvestre also completed a questionnaire and indicated that plaintiff was moderately to severely limited in several categories. Tr. 265-68. The ALJ gave the report of Ms. Toledo-Silvestre little weight, finding that it failed to address plaintiff's ongoing substance and alcohol abuse, did not provide a definitive diagnosis, did not address plaintiff's noted improvement on medication, and relied solely on plaintiff's vague and unsubstantiated complaints. Tr. 23, 27.

I find no error. A nurse practitioner is not an "acceptable medical source," and the ALJ provided germane reasons supported by evidence in the record to discredit Ms. Toledo-Silvestre's

5 - OPINION AND ORDER

statements. Tr. 23, 27, 140, 144, 153, 160, 214-16, 225-26, 235, 290, 304-05, 393-94; <u>Valentine v. Comm'r Soc. Sec. Admin.</u>, 574 F.3d 685, 694 (9th Cir. 2009); <u>Gomez v. Chater</u>, 74 F.3d 967, 971 (9th Cir. 1996). Further, Ms. Toledo-Silvestre's statement and checklist of limitations were conclusory and unsupported by clinical findings or testing, and the ALJ noted that the nurse practitioner relied on plaintiff's subjective complaints which the ALJ found not credible. Tr. 23, 25-27, 292, 294, 265-68; <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1217 (9th Cir. 2005); <u>Thomas v. Barnhart</u>, 278 F.3d 947, 957 (9th Cir. 2002). Plaintiff does not challenge the ALJ's credibility finding, and I find no error in the ALJ's assessment of Ms. Toledo-Silvestre's report. See <u>Morgan v. Comm'r of Soc. Sec. Admin.</u>, 169 F.3d 595, 602 (9th Cir. 1999) (physician's opinion of disability based on the claimant's own subjective complaints may be disregarded where those complaints have been "properly discounted"). Given the ALJ's findings, I do not find the medical evidence ambiguous so as to trigger the ALJ's duty to development the record further with respect to plaintiff's alleged mental impairments.

Next, plaintiff argues that the ALJ erred in his assessment of plaintiff's RFC by failing to consider the limitations set forth by Ms. Toledo-Silvestre, the results of a 2007 MRI of plaintiff's back, and the side-effects of her medication. For the reasons explained above, the ALJ did not err in failing to adopt the

6 - OPINION AND ORDER

limitations noted by Ms. Toledo-Silvestre. Further, the ALJ considered the MRI and noted that it showed only mild degeneration, and the ALJ's finding is supported by the record. Tr. 269. Finally, although plaintiff testified in passing that her medication briefly and occasionally causes blurred vision, she did not testify that this side effect precluded work activity, and the ALJ found plaintiff's complaints not credible in any event. Tr. 25-27, 384-85. Accordingly, I find no error in the ALJ's findings or his RFC assessment.

## CONCLUSION

Substantial evidence in the record supports the ALJ's findings and conclusion that plaintiff is not disabled within the meaning of the Act. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Dated this 28 day of May, 2010.

_____
Ann Aiken
United States District Judge

7 - OPINION AND ORDER